This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Brad Talmage, appeals from the decision of the Medina Municipal Court denying Defendant's motion for the deletion of the Administrative License Suspension ("ALS") notation from Defendant's driving record. We affirm.
Medina City Police arrested and charged Defendant with operating a motor vehicle under the influence of alcohol and prohibited blood alcohol concentration, in violation of Medina City Ordinances 333.01(A)(1) and (A)(3); and no headlights after dark, in violation of Medina City Ordinance 337.029. Defendant's driver's license was suspended pursuant to R.C. 4511.191(F).
Defendant moved to suppress all evidence obtained as the result of the traffic stop. The municipal court granted the motion, finding that the arresting officer did not have reasonable ground to stop or detain Defendant. The City of Medina ("City") moved to dismiss all charges. The court granted the motion.
Defendant appealed the ALS, pursuant to R.C. 4511.191(H)(2). The municipal court granted Defendant's appeal and the Ohio Bureau of Motor Vehicles ("BMV") lifted the suspension. Subsequently, Defendant moved the municipal court to order the BMV to delete all references to the ALS on Defendant's driving record. The court denied the motion. Defendant timely appealed raising one assignment of error for review.
Before addressing the merits of the appeal, we note that the City did not file an appellate brief. Therefore, this Court assumes that the facts as stated in Defendant's appellate brief are true, and this Court's judgment is based on the facts as stated. App.R. 18(C).
 ASSIGNMENT OF ERROR
The trial court erred as [a] matter of law by not ordering the [BMV] to delete all references to an ALS suspension from [Defendant's] driving record.
In his sole assignment of error, Defendant argues that the trial court erred in denying his "Motion for Deletion of ALS Notation From Driving Record." We disagree.
An appellate court reviews the trial court's application of the law de novo. State v. Anderson (1995), 100 Ohio App.3d 688, 691. R.C. 4511.191(H)(1) applies to the instant case and provides, in relevant part:
 If the person appeals the suspension at the person's initial appearance, the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:
 (a) Whether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol[.]
Further, R.C. 4511.191(H)(2) provides:
 If, during the appeal at the initial appearance, the judge or referee of the trial court * * * determines that one or more of the conditions specified in divisions (H)(1)(a) to (d) of this section have not been met, the judge * * * shall terminate the suspension * * *; shall notify the registrar of the decision on a form approved by the registrar; and, except as provided in division (B) of section 4511.196
of the Revised Code, shall order the registrar to return the driver's or commercial driver's license[.]
(Emphasis added.)
In the instant case, the municipal court granted Defendant's appeal of his ALS and determined that the arresting officer did not have a reasonable ground to stop or detain Defendant, pursuant to R.C.4511.191(H)(1)(a). Then, pursuant to R.C. 4511.191(H)(2), the court properly notified the registrar of the decision and the BMV terminated the suspension. According to Defendant, his current driving record references the ALS for the relevant time period of the suspension of January 9, 2000, to April 26, 2000. Defendant also notes that the driving record reflects the termination of the suspension on April 26, 2000. He contends that because the police stopped him without probable cause and the municipal court dismissed the charges, the trial court should have ordered the BMV to delete or strike any reference to the ALS from his driving record.
R.C. 4511.191(H)(2) specifically requires the court to terminate the ALS after a finding that one of the conditions specified in R.C.4511.191(H)(1) was not met. That is exactly what the municipal court did in this case. Defendant fails to cite any authority to support a construction of R.C. 4511.191(H)(2) that requires the suspension to be stricken or deleted from Defendant's driving record. Defendant's driving record accurately reflects the fact that the BMV suspended Defendant's driver's license during the timeframe at issue. It also accurately reflects the fact that the BMV terminated the suspension. There was no further action for the court to take. Accordingly, the municipal court did not err when it denied Defendant's "Motion for Deletion of ALS Notation From Driving Record."
Defendant's sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J. CONCUR.